IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HENRY RAMOS-NIEVES | * |
| Petitioner | * |
| | * Civil No. 98-1405(SEC) |
| v. | * |
| UNITED STATES OF AMERICA | * |
| Respondent | * |

**ORDER**

Pending before the Court since April 15, 1998 is petitioner's motion to vacate sentence pursuant to 28 U.S.C.A. § 2255.**(Docket #2)**. The Government filed its opposition on April 19, 1999.**(Docket #5)**. The case has remained inactive since then. After an examination of the record, the Court rules that Plaintiff's motion is frivolous and therefore, the same is **DENIED**.

**Procedural Facts**

Petitioner Henry Ramos-Nieves (hereinafter "Ramos"), pled guilty on October 9, 1996 to a one count indictment of possession with intent to distribute approximately twelve kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). On March 21, 1997, Petitioner was sentenced to 120 months of imprisonment. Thereafter, on April 15, 1998 Petitioner filed a motion to vacate that sentence apparently alleging that it was illegal because his counsel failed to challenge a one-level upward enhancement over his base offense level because he was allegedly a fugitive. In addition, he alleged that the sentencing court erred by not granting him a 5-level decrease to his base offense level as recommended by the U.S. Attorney *per* the Plea Agreement.

On April 19, 1999 respondent, the United States of America, filed its opposition to Petitioner's motion an alleged that: (1) Petitioner's claim of ineffective assistance of counsel,

**Civil No. 98-1405(SEC)** 2

premised upon counsel's failure to obtain further sentencing benefits, is insufficient to support a claim of ineffective assistance of counsel, given Petitioner's extensive prior criminal record which barred him from obtaining a sentence of less than 120 months of imprisonment; (2) Petitioner's failure to comply with the "safety valve" requirements foreclosed any further downward adjustments below the statutory minimum.

**Analysis of Applicable Law**

28 U.S.C.A. § 2255 reads in the pertinent part:

> A prisoner in custody under the sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
> ...**Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief**, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In regards to the "hearing" required by this section, the Court of Appeals for the First Circuit has stated that it is not mandatory as a matter of right and that "a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment." United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (citations omitted); Id., (Also stating that "When a petition is brought under section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing.") (citations omitted). In addition, the court remarked in McGill, 11 F.3d at 225, that "motions can be 'heard' effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits and the like." Id., quoting Aoude v. Mobil Oil

AO 72A
(Rev. 8/82)

**Civil No. 98-1405(SEC)**                                                                                                  3

Corp., 862 F.2d 890, 894 (1st Cir. 1988). In doubtful cases, the court indicated that the standard is whether there are factual issues in dispute. McGill, 11 F.3d at 225. In conclusion, the court stated that:

> [A] hearing [is] unnecessary 'when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible'.

Id. at 226, citations omitted.

In this case the Court finds that there is no need for holding an evidentiary hearing because there is only a legal controversy at issue and petitioner does not raise a question of fact. Therefore, the Court will proceed to consider the merits of Ramos' petition.

In regards to his claim of ineffective assistance of counsel, the Court notes that petitioner bears a heavy burden. "To succeed in setting aside a conviction premised on ineffective assistance of counsel, a petitioner must establish both constitutionally deficient performance on his attorney's part and concomitant prejudice, or phrased another way, that the quality of legal representation at his trial was so inferior as to be objectively unreasonable, and that this incompetent lawyering redounded to his substantial detriment." Id.; See also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (Quoting Strickland v. Washington, 466 U.S. 668 (1984) and stating that "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

The court finds that petitioner's allegations do not satisfy the constitutional standard and they are rather frivolous. In fact, petitioner's allegations amount to a bald assertion unsupported by the

AO 72A
(Rev. 8/82)

**Civil No. 98-1405(SEC)**                                                                                                          4

record. Petitioner's long criminal history reveals that even if a mistake was committed in regards to the challenged points, he would still not have qualified for the "safety valve" benefits, and thus his sentence could not be lowered below the statutory minimum. Therefore, petitioner Ramos' motion to vacate his sentence in Crim. No. 96-201(SEC), **(Docket #2)**, is hereby **DENIED**. Judgment shall be entered accordingly.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 27TH day of April, 2000.

                                          SALVADOR E. CASELLAS
                                          United States District Judge